IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BETTY JO GOODMAN )
)
v. ) NO. 3:13-1377
)
NATIONSTAR MORTGAGE, LLC, et al. )

**O R D E R**

The plaintiff's motion (Docket Entry No. 19) to strike the Defendant's pending motion to dismiss (Docket Entry No. 9) is DENIED to the extent that the plaintiff requests that the Defendant's motion to dismiss be stricken. The plaintiff's mere disagreement with the motion does not justify striking the motion, and the plaintiff has not set forth any basis that justifies striking the Defendant's motion. In addition, under Rule 12(f) of the Federal Rules of Civil procedure, the only filings that are subject to being stricken are pleadings - not motions. However, to the extent that the plaintiff's motion sets forth her objections to the motion to dismiss, the Court shall construe the plaintiff's motion and related filings as her objection to the motion to dismiss.[1]

The plaintiff's motion (Docket Entry No. 22) for leave of court for her son, Eric Goodman, to file an appearance and act as a "next friend" of the plaintiff is DENIED.

The power of attorney filed with the Court may convey upon Eric Goodman the ability to act as an agent of Betty Jo Goodman consistent with Tennessee law. However, that document does not allow him to litigate this action on behalf of Betty Jo Goodman or allow him to sign filings on her behalf. See Falkner v. United States, 2012 WL 2682789, *2 (W.D.Tenn. July 6, 2012); Falkner v.

---

[1] By Order entered March 7, 2014 (Docket Entry No. 14), the Court extended to March 17, 2014, the deadline for the plaintiff to file a response to the motion to dismiss.

Water Grove, 2012 WL 259943, *2 (W.D.Tenn. Jan 27, 2012) ("a power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person"). See also Shepherd v. Wellman, 313 F.3d 963, 970–71 (6th Cir. 2003) (pro se litigants may not proceed on behalf of a minor or estate).

Further, the Court finds no basis upon which Eric Goodman may act as a "next friend" for Betty Jo Goodman. "Next friend" status is a legal doctrine conferring standing upon an individual to litigate claims on behalf of another. See Demosthenes v. Baal, 495 U.S. 731, 735–36, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990); Whitmore v. Arkansas, 495 U.S. 149, 163–66, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); West v. Bell, 242 F.3d 338 (6th Cir. 2001). However, this doctrine has a very narrow application and is limited to situations in which the plaintiff whose claims are being litigated is a minor, is incapacitated or legally incompetent, or is an incarcerated inmate pursuing habeas corpus relief under factual circumstances justifying the doctrine. None of these situations apply in the instant action, and the Plaintiff's arguments for "next friend" status for Eric Goodman do not support application of the doctrine in this action.

Finally, even if Eric Goodman were granted "next friend" status, he could not prosecute the plaintiff's claims as a pro se individual and without counsel. See Shepherd, supra. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. Section 1654 provides that:

> [i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Id. The federal courts have long held that Section 1654 preserves a party's right to proceed pro se, but only as to his or her own claims, and only a licensed attorney may represent another person and

sign a pleading on that person's behalf. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir. 1969); accord Shepherd v. Wellman, 313 F.3d 963, 970–71 (6th Cir. 2003). See also Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party").

However, to the extent that the plaintiff wishes to change her official address of record in this action, she is free to make that change by filing an appropriate notice of change of address with the Court.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

The Clerk is directed to send a copy of this Order to the plaintiff by regular, first class mail (only).

So ORDERED.

JULIET GRIFFIN  
United States Magistrate Judge