IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


BETTY JO GOODMAN                           )
                                           )
        v.                                 )       NO. 3:13-1377
                                           )
NATIONSTAR MORTGAGE, LLC, et al.           )


TO:  Honorable Aleta A. Trauger, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered January 7, 2014 (Docket Entry No. 3), the Court referred this action to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure

and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry

No. 9), to which the plaintiff has filed a response.  See Docket Entry Nos. 19-20.[1]  For the reasons

set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] In response to the motion to dismiss, the plaintiff filed a motion to strike.  Although the
Court denied the motion to strike, the Court has construed the filing as the plaintiff's response in
opposition to the motion to dismiss.  See Order entered March 20, 2014 (Docket Entry No. 25).

## I. BACKGROUND

This pro se action was filed in forma pauperis on December 11, 2013, against Nationstar

Mortgage, LLC ("Nationstar") and Shapiro & Kirsch, LLP ("Shapiro").  The plaintiff brings the

action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as a result of the

Defendants' attempts to collect a debt from her that she contends is not owed, is nonexistent, and

about which she has no knowledge.  In addition to her claims under the FDCPA, she refers to a claim

for defamation of character and sets out claims for invasion of privacy and the negligent, wanton,

and/or intentional hiring and supervision of incompetent employees or agents.

The plaintiff alleges that, "in response to dunning letters," she served Shapiro with a "notice

to respond and demand" letter on or about October 9, 2013, requiring Shapiro to validate the alleged

debt.  See Complaint (Docket Entry No. 18), at 3.  Although Shapiro responded on or about

October 21, 2013, with a letter and copies of public documents, the plaintiff alleges that the proffered

documents fail to prove the existence of the alleged debt and that Shapiro's response was not in the

specific form that she requested and, thus, was a "non-response."  Id.  She further alleges that

Nationstar sent her correspondence on November 18, 2013, which she likewise contends fails to

prove the existence of the alleged debt.  Id.  The plaintiff generally alleges that the Defendants have

repeatedly harassed her by attempts to collect the debt and that she has suffered significant economic

harm as a result of the erroneous credit reporting by each Defendant.  Id. at 2 and 4.

On February 17, 2014, the Defendants filed the pending motion to dismiss asserting two

arguments for dismissal.  First, the Defendants  argue that the complaint is signed by "Eric

Goodman, POA" and not by the named plaintiff.  Therefore, the Defendants contend that the

complaint was not properly signed by the plaintiff as required by Rule 11 of the Federal Rules of

Civil Procedure and 28 U.S.C. § 1654 and is a nullity.  Second, the Defendants argue that the

complaint lacks factual allegations supporting the asserted claims and, thus, fails to state a claim

upon which relief can be granted.

The plaintiff thereafter filed a motion (Docket Entry No. 16) for leave of court to correct the

signing of her complaint.  By Order entered March 19, 2014 (Docket Entry No. 24), the Court

granted this motion and directed that the properly signed complaint (Docket Entry No. 18) she

attached to her motion be considered the operative complaint in this action.  The plaintiff also filed

a motion (Docket Entry No. 22) for leave of the Court to allow her son, Eric Goodman, to file an

appearance on her behalf and act as  "next friend."  By Order entered March 20, 2014 (Docket Entry

No. 25), the Court denied this motion.[2]

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is

reviewed under the standard that the Court must accept as true all of the allegations contained in the

complaint, resolve all doubts in the plaintiffs' favor, and construe the complaint liberally in favor

of the pro se plaintiffs.  See  Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169

F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir.

1987).  However, although the complaint need not contain detailed factual allegations, the plaintiffs

must provide the grounds for their entitlement to relief and this "requires more than labels and

---

[2] The plaintiff has filed a motion (Docket Entry No. 26) for review of the March 20, 2014, Order.

conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III.  CONCLUSION

After review of the parties' filings and the complaint, the Court finds that the motion to dismiss should be granted. Although the Court is required to construe the complaint liberally

because of the plaintiff's pro se status, Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70

L.Ed.2d 551 (1982), and even though the plaintiff's factual allegations are construed as true when

reviewing the motion to dismiss, the factual allegations must "do more than create speculation or

suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of

United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550

U.S. at 555). The plaintiff has simply failed to satisfy this burden and has not asserted plausible

legal claims  based on the facts and claims set out in her complaint.


A. Fair Debt Collection Practices Act

As the Sixth Circuit Court of Appeals explained in Federal Home Loan Mortg. Corp. v.

Lamar, 503 F.3d 504, 508 (6th Cir. 2007):

> Congress enacted the FDCPA in order "to eliminate abusive debt collection practices
> by debt collectors, to insure that those debt collectors who refrain from using abusive
> debt collection practices are not competitively disadvantaged, and to promote
> consistent State action to protect consumers against debt collection abuses."
> 15 U.S.C. § 1692(e). "Congress designed the [FDCPA] to 'eliminate the recurring
> problem of debt collectors dunning the wrong person or attempting to collect debts
> which the consumer has already paid.'"  Swanson v. S. Or. Credit Serv., Inc., 869
> F.2d 1222, 1225 (9th Cir.1988) (quoting S.Rep. No. 95-382, at 4 (1977), reprinted
> in 1977 U.S.C.C.A.N. 1695, 1699).

503 F.3d at 508.

Although the plaintiff in her complaint contends that the defendants have violated several

provisions of the FDCPA – 15 U.S.C. §§ 1692g, 1692d, 1692j, 1692f, and 1692(e)(8), see

Complaint, at 7-8  – the only specific factual allegations made by the plaintiff are her brief and

somewhat vague allegations related to the alleged violation of Section 1692g.  She alleges that:

1) she received "dunning letters" from the "Defendant(s)," letters which are not attached to the complaint; 2) she made a request for validation; 3) Shapiro responded with a letter and documents that the Plaintiff believes are insufficient; and 4) Nationstar also sent her a correspondence that she believes is insufficient.

15 U.S.C. § 1692g provides that a debt collector must provide a consumer with written notice of a debt, and, if a consumer disputes a debt, the debt collector must verify the debt before resuming collection activities. Specifically, Section 1692g provides:

(a) Notice of debt; contents

Within five days after the initial consultation with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed Debt

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or

judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(a)-(b). The plaintiff may disagree with the response letter Shapiro sent to her, but she has not shown how the response constitutes a violation of this section.[3] She has also not alleged any facts showing how Shapiro violated the requirement in Section 1692g(b)[4] that debt collection activity cease "until the debt collector obtains verification of the debt or a copy of a judgment, or the name of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." The factual allegations against Nationstar are even more sparse and likewise fail to rise to the level necessary to state a claim for relief against it.

The remainder of the plaintiff's complaint consists of conclusory allegations and recitations of parts of the statutory language of other provisions of the FDCPA. The pleading standards required by Twombly and Iqbal require the plaintiff to provide some factual underpinnings for her claims which show the factual basis and viability of such claims. Such underpinnings are not part of the plaintiff's complaint. Indeed, the Court is essentially left to guess as to what acts the Defendants are

---

[3] The plaintiff does not set forth any allegations regarding the initial letters she received from Shapiro and/or Nationstar or assert a claim under Section 1692(a).

[4] The plaintiff refers to "15 USC 1692g(5)(b)." See Complaint, at 6, ¶ 31. There is no such statutory section, and the Court assumes that the plaintiff intended to refer to 15 U.S.C. § 1692g(b).

7

alleged to have taken that constitute violations of Section 1692d,[5] 1692j,[6] 1692f,[7] and 1692(e)(8)[8]

of the FDCPA.  Merely positing a theory of legal liability that is unsupported by specific factual

allegations does not state a claim for relief which survives a motion to dismiss.  See Iqbal, 556 U.S.

at 678-79.

There are simply insufficient factual allegations contained in the complaint to support the

alleged FDCPA claims and these claims should be dismissed for failure to state a claim upon which

relief can be granted.  See Robinson v. Buffaloe & Assoc., PLC,  2013 WL 4017045, *11

(M.D.Tenn. Aug. 6, 2013) (Trauger, J.); Love-Sawyer v. Equifax, Inc., 2009 WL 3169679, *3 (M.D.

Tenn. Sept. 28, 2009) (Trauger, J.).

The plaintiff's response to the motion to dismiss fails to address the shortcomings of her

complaint that the Defendants point out in their motion and does not offer any actual legal argument

supporting a conclusion that she states claims under the FDCPA.  The plaintiff's response is

primarily an objection to the relevance and admissibility of the several exhibits, see Docket Entry

Nos. 10-1 to 10-11, that are attached to the Defendant's motion to dismiss.  In reviewing the motion

---

[5] 15 U.S.C. § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" and lists six examples of unlawful conduct.

[6] 15 U.S.C. § 1692j provides that "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

[7] 15 U.S.C. § 1692f provides that "[a] debt collector shall not use unfair or unconscionable means to collect or attempt to collect any debt" and lists eight examples of unlawful conduct.

[8] 15 U.S.C. § 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

to dismiss and the sufficiency of the plaintiff's complaint, the Court has not considered these exhibits. Accordingly, the plaintiff's objections to the exhibits are moot.

B. State Law Claims

Although the plaintiff states in the preliminary statement of her complaint that she seeks damages for a claim of defamation of character, see Complaint, at 1, ¶ 1, she does not list this claim as a cause of action in her complaint despite specifically listing three causes of actions. Id. at 4-7. Accordingly, the Court does not consider a claim for defamation of character as a claim in this action.

Nonetheless, even if a defamation claim were clearly listed in the complaint, the plaintiff has not set forth any facts supporting such a claim. See Sullivan v. Baptist Mem'l Hosp., 995 S.W.2d 569, 571 (Tenn. 1999). Similarly, the facts set out by the plaintiff in her complaint fail to support a viable claim for invasion of privacy under Tennessee law. See West v. Media Gen. Convergence, Inc., 53 S.W.3d 640 (Tenn. 2001). See also Scarbrough v. Brown Grp., Inc., 935 F.Supp. 954, 963-64 (W.D.Tenn. 1995); Roberts v. Essex Microtel Assoc., II, L.P., 46 S.W.3d 205, 211 (Tenn.Ct.App. 2009). Finally, the Court finds there are no facts alleged in the complaint that support the claim for "negligent, wanton, and/or intentional hiring and supervision of incompetent employee or agents." See Brown v. Mapco Exp., Inc., 393 S.W.3d 696, 703 (Tenn.Ct.App. 2012). Like the plaintiff's assertion of FDCPA claims, the state law claims she asserts are conclusory and unsupported by any factual allegations showing viable claims and warrant dismissal.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Defendants' motion to dismiss (Docket Entry No. 9) be GRANTED and this action be DISMISSED for failure to state a claim upon which relief can be granted.

The Court further RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under Section 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge