**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BETTY JO GOODMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-cv-1377** |
| | ) | |
| **NATIONSTAR MORTGAGE LLC and** | ) | **Judge Trauger** |
| **SHAPIRO & Kirsch, LLP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court are the plaintiff's objections (ECF No. 46) to the magistrate judge's Report and Recommendation ("R&R") (ECF No. 29) recommending that the defendants' motion to dismiss (ECF No. 9) be granted and that this action be dismissed for failure to state a claim for which relief may be granted.

When a party files objections to a magistrate judge's findings and recommendations regarding a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon reviewing the objections, the district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* In accordance with this standard, the court has reviewed *de novo* the portions of the magistrate judge's recommendation to which the plaintiff objections. Nonetheless, for the reasons set forth herein, the court will overrule the plaintiff's objections and accept the magistrate judge's recommendation.

The plaintiff specifically objects to the magistrate judge's reference to the defendants' argument that the complaint was subject to dismissal because it was not signed personally by the plaintiff. The plaintiff is correct that that defect was corrected. However, the magistrate judge's recommendation that this action be dismissed was not based on that argument. The plaintiff's objection on this basis is therefore moot.

The plaintiff objects to the defendants' argument that the complaint lacks factual allegations to support her claims of FDCPA violations. She also objects to the magistrate judge's finding that the plaintiff

failed to satisfy her burden under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to assert plausible legal claims based on the facts alleged in her complaint.

The plaintiff insists that her allegations and the documents attached to her complaint support her claim that defendant Shapiro & Kirsch, LLP ("Shapiro") violated the FDCPA. She references Exhibit A to her complaint (ECF No. 1-1), which is a letter from her to Shapiro requesting validation of the debt it sought to collect[1] and "competent evidence" that the plaintiff had "some contractual obligation to pay [Shapiro & Kirsch]." (Objections at 2 ¶ 5.) The plaintiff insists that Shapiro's response was to be "completed via a Creditor Disclosure Statement provided as part of the correspondence," and that "a response in any other manner will be frivolous and/or defective on its face and treated as a non-response." (*Id.* at 2 ¶¶ 6–7.) Shapiro promptly responded to the plaintiff's request for validation (Exhibit B to the complaint (ECF No. 1-2), but it did not use the form the plaintiff demanded that it use. On that basis, the plaintiff insists that the response is a "non-response" in violation of the FDCPA. (Objections at 3 ¶ 8.) She argues that "the *Twombly* and *Iqbal* cases that were cited in the Report and Recommendation go against the FDCPA," that that they do not "cover the point of the least sophisticated consumer," and that Magistrate Judge Griffin "is attempting to make conclusions herself instead of dealing with the subject matter and the facts of this case. (*Id.* at 3 ¶¶ 9–12.) In support of her position, the plaintiff references a number of cases in support of the proposition that the determination of whether a debt collection practice is deceptive or misleading should be analyzed objectively from the view of the least sophisticated consumer. *See, e.g.*, *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 800–01 (S.D. Ohio 2006) (collecting cases).

The plaintiff's objections are without merit. The magistrate judge correctly considered whether the complaint and attached exhibits stated any facts that showed that Shapiro's response to the plaintiff's request for validation of the debt violated 15 U.S.C. § 1692g or any other provision of the FDCPA. The plaintiff's claim against Shapiro appears to be based solely on the fact that Shapiro did not use the form she wanted the firm to use in responding to her request for validation. Her allegations, however, do not suggest that the response violated any part of the FDCPA. Moreover, the court has reviewed Shapiro's

---

[1] The complaint does not include any allegations regarding the initial letters the plaintiff received from Shapiro or Nationstar.

letter and the other documents provided to the plaintiff by Shapiro (submitted with the defendants' motion to dismiss, ECF Nos. 10-1, 10-2),[2] and finds, for the reasons set forth in the R&R, that Shapiro's response did not violate the FDCPA.

The plaintiff does not raise any other objections to the R&R and does not address the magistrate judge's recommendation that the claim against Nationstar Mortgage, LLC be dismissed.

Thus, for the reasons set forth above, the plaintiff's objections are **OVERRULED**. The Report and Recommendation is **ACCEPTED** in its entirety and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, the defendants' motion to dismiss (ECF No. 9) is hereby **GRANTED** and this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The Court further finds that any appeal of this matter would not be in good faith.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

Aleta A. Trauger
United States District Judge

---

[2] The letter was attached as an exhibit to the plaintiff's complaint and may properly be considered by the court in ruling on a motion to dismiss. Fed. R. Civ. P. 10(c). Likewise, the court may consider the attachments to Shapiro's letter, even though they were submitted by the defendant, because they were clearly referenced in and incorporated by reference in the letter attached to the plaintiff's complaint. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").